## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 14-34974 |
| | § | |
| **CLEVELAND IMAGING & SURGICAL** | § | **Chapter 11** |
| **HOSPITAL, L.L.C.** | § | |
| Debtor. | § | **Judge Jeffrey Bohm** |

### EMERGENCY MOTION TO LIFT STAY

**TO THE HONORABLE JUDGE OF SAID BANKRUPTCY COURT:**

COMES NOW, Citadel Outsource Group, LLC ("Citadel") and files its Emergency Motion to Lift Stay and would show the following:

### PREAMBLE

1.      Citadel is a former, non-bankruptcy related creditor of the Debtor.  Citadel provided third party collection services to the Debtor for medical accounts receivable, and the Debtor failed to pay Citadel's fees for services rendered.  As to Citadel's former, satisfied claim, the Debtor filed a Bill of Review in Harris County District Court.  The hearing in state court for which Citadel seeks a lifting of the Automatic Stay is currently scheduled for October 10, 2014.

### FACTUAL BACKGROUND

***State Court Proceedings:***

2.      On February 4, 2013, Citadel filed a Verified Original Petition on Sworn Account against the Debtor in *Citadel Outsource Group, LLC v. Cleveland Imaging & Surgical Hospital, L.L.C. d/b/a Doctors Diagnostic Hospital*, Cause No. 2013-06664, in the District Court of Harris County, Texas 80th Judicial District (the "Main Case").

1

3.     On April 26, 2013, Citadel obtained a Default Judgment against Cleveland Imaging & Surgical Hospital, L.L.C. ("Debtor") in the Main Case and on June 27, 2013, Abstracts of Judgments were filed in both Harris County and Liberty County, Texas.

4.     During the process of post-judgment discovery in the Main Case, the trial court entered an Order Granting Judgment Creditor's/Plaintiff's Verified Motion for Contempt and Attorney's Fees and Order of Contempt against the Debtor for failure to comply with post-judgment discovery orders wherein the Debtor was ordered to pay $1,600.00 in attorney's fees and $466.50 in costs.  The Debtor paid those expenses. Thereafter, the Judgment was satisfied and is not subject to this proceeding.

5.     On October 2, 2013, the Debtor filed a Petition for Bill of Review with regard to the Final Judgment in the Main Case, *Cleveland Imaging & Surgical Hospital, L.L.C. d/b/a Doctors Diagnostic Hospital v. Citadel Outsource Group, LLC*, Cause No. 2013-59091, in the District Court of Harris County, Texas, 80th Judicial District ("Bill of Review Case").

6.     On May 20, 2014, Citadel filed a Traditional and No-Evidence Motion for Summary Judgment in the Bill of Review Case establishing that the Debtor has no evidence of a "meritorious defense" to the Main Case claim which is a pre-requisite in State law to overturn a default judgment.

7.     On July 3, 2014, the Debtor filed a Response to the Motion for Summary Judgment *without* presenting any evidence of "meritorious defense".

8.     The hearing on the Bill of Review Case Motion for Summary Judgment occurred on Friday, July 11, 2014.  During the hearing, Debtor's counsel advised the court that it had had "multiple managers" during the past several years and pleaded that

he needed more time to take additional discovery of a company called "Prexus" to establish facts evidencing a "meritorious defense" to the petition in the Main Case in order to defeat Citadel's Motion for Summary Judgment.  The court advised that it would provide the Debtor the opportunity to file a Motion to Extend the Discovery for a two-month period so that the Debtor could obtain documents from Prexus to allegedly establish a "meritorious defense".   Debtor's counsel advised the court that he would have the Motion to Extend filed within one (1) week.   The Debtor NEVER filed any Motion for Extension of Time to take the additional discovery nor did it ever attempt to take any discovery of a company called Prexus during the two-month period after the initial hearing on Citadel's Summary Judgment Motion.

9.      After the expiration of the two-month period, Citadel obtained the earliest hearing date from the district court in the Bill of Review Case to continue the hearing on its Motion for Summary Judgment which will be granted because the Debtor has not obtained and has presented no evidence of a "meritorious defense". (Exhibit "A") Attached hereto is Exhibit "B" is a copy of Citadel's Motion for Continued Consideration of Its Traditional No-Evidence Motion for Summary Judgment that Citadel was going to file for the hearing scheduled on October 10, 2014.

10.      On September 29, 2014, Citadel received a Suggestion of Bankruptcy from Debtor's state court counsel, Richard Burroughs, which was filed in the Main Case but not in the Bill of Review Case.  (Exhibit "C")

**Minimal Expense to Debtor:**

11.      All pleadings pertaining to Citadel's Motion for Summary Judgment and the Response thereto have been prepared and filed.   No additional pleadings are

3

necessary.   All that is required is the appearance of the Debtor's counsel, Richard Burroughs, at the October 10, 2014, hearing which is only a continuation of the July 11, 2014, Summary Judgment hearing.   However, since there is no evidence to support any Response to Citadel's Motion, it is doubtful that the Debtor will even make an appearance or was ever planning to make an appearance.

## ARGUMENT

12.     It is has been clearly established since 2013, long before this bankruptcy proceeding was filed, that the Debtor has no evidence of a "meritorious defense" and therefore, no means by which to overturn the Default Judgment entered against it in the Main Case on April 26, 2013.   That Judgment has now been satisfied and is not a subject of this bankruptcy proceeding.

13.     It would be a waste of time, effort and money to continue with the issues presented in the Bill of Review Case either in an adversary proceeding/core proceeding in this Court or in the state court should the Automatic Stay be lifted.   Furthermore, the Bill of Review Case issues pertain solely to state court issues which in all probability, would have to be eventually tried in the state court.   The District Court of Harris County is now primed to conclude the Bill of Review Case by the application of purely state law which can be done at the hearing on October 10, 2014.   Therefore, Citadel requests that this Court lift the Automatic Stay to the extent necessary to allow the State district court in the Bill of Review Case to rule on Citadel's Motion for Summary Judgment Motion in which the Debtor has absolutely no evidence a "meritorious defense".   Surely had the Debtor possessed such evidence, it would have presented same during the

past one year.  Furthermore, the Debtor would have obtained such evidence from the company named "Prexus" had any such evidence ever existed.  It does not.

**WHEREFORE, PREMISES CONSIDERED**, Citadel Outsource Group, LLC prays that this Court grant its Emergency Motion to Lift Stay, lift the Automatic Stay so that the Harris County District Court in Cause No. 2013-59091, *Cleveland Imaging & Surgical Hospital, L.L.C. d/b/a Doctors Diagnostic Hospital v. Citadel Outsource Group, LLC* in the District Court Harris County, Texas, 80th Judicial District may proceed on October 10, 2014, with regard to a ruling on Citadel's outstanding Motion for Summary Judgment or soon thereafter when the state court can hear same and for such other and further relief, both general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

By: _J Douglas Sutter See v/p._

**J. DOUGLAS SUTTER**
Federal Bar No. 3791
dsutter@ksklawyers.com

**ATTORNEY FOR THE FORMER CREDITOR, CITADEL OUTSOURCE GROUP, LLC.**

**OF COUNSEL:**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056-6570
Telephone:   (713) 595-6000
Facsimile:    (713) 595-6001

## CERTIFICATE OF CONFERENCE

On the 2nd and 3rd of October 2014, I called Debtor's counsel on four occasions and we have "played 'phone tag" with one another.  Undersigned counsel will continue with his efforts to confer with Debtor's counsel.

J. DOUGLAS SUTTER

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2014, a true and correct copy of the foregoing was sent via U.S. mail and E-Mail to the following:

Christopher Adams
Okin Adams & Kilmer LLP
1113 Vine Street, Suite 201
Houston, TX  77002

Douglas J. Brickley, Receiver
The Claro Group LLC
1221 McKinney Street, Ste. 2850
Houston, TX  77010-2028

Richard D. Brady
Baker & Associates, LLP
5151 Katy Fwy, Suite 200
Houston, TX  77007

Matthew D. Cavanaugh
Jackson Walker LLP
1401 McKinney Street, Ste. 1900
Houston, TX  77010

Timothy Alvin Davidson, II
Andrews Kurth LLP
600 Travis, Ste. 4200
Houston, TX  77002

James Scott Douglass
Attorney at Law
909 Fannin, Ste. 1800
Houston, TX  77010

Tara L. Grundemeier
Linebarger Gloggan Blair
1301 Travis Street, Ste. 300
Houston, TX  77002

Kevin R. Pennell
Zukowski, Bresenhan, Sinex & Petry L.L.C.
1177 West Loop South, Ste. 1100
Houston, TX  77027

7

John Casey Roy
Office of the Attorney General
P.O. Box 12548, MC-008
Austin, TX  78711-2548

Kimberly A. Walsh
Office of the Texas Attorney General
P.O. Box 12548
Austin, TX  78711

Owen Mark Sonik
Perdue Brandon et al
1235 North Loop West, Ste. 600
Houston, TX  77008

J. DOUGLAS SUTTER