IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CLEVELAND IMAGING and | § | Case No. 14-34974 |
| SURGICAL HOSPITAL L.L.C., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**OKIN ADAMS BARTLETT CURRY LLP'S MOTION FOR ENTRY OF AN ORDER (I) FINDING DR. CAMIL KREIT, DR. SAMIR KREIT, AND AZAR M. CHAUDHARY IN CONTEMPT OF THIS COURT'S APRIL 15, 2022 ORDER IMPOSING SANCTIONS; (II) COMPELLING COMPLIANCE WITH THE ORDER IMPOSING SANCTIONS; AND (III) IMPOSING FURTHER COERCIVE SANCTIONS**
(Relates to ECF # 1174)

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Okin Adams Bartlett Curry LLP ("Okin Adams") hereby files this Motion (the "Motion") requesting entry of an order (I) finding Dr. Camil Kreit, Dr. Samir Kreit, (collectively, the "Doctors") and Azar M. Chaudhary (collectively with the Doctors, the "Sanctioned Parties") in contempt of this Court's April 15, 2022 *Order Imposing Sanctions* [ECF # 1174] (the "Sanctions Order"); (II) compelling compliance with the Sanctions Order; and (III) imposing further coercive sanctions upon the Sanction Parties, and in support hereof, respectfully submits as follows:

**BACKGROUND**

1.     In August 2021 the Doctors, through their counsel, Mr. Chaudhary, moved to vacate this Court's order authorizing the sale of the Debtor's assets (the "Sale Order") and order confirming the Debtor's chapter 11 plan (the "Confirmation Order").  *See generally* ECF ## 1112, 1113, 1136, 1137, *see also Memorandum Opinion Finding Sanctions Are Warranted* (the "Sanctions Opinion") [ECF # 1158], p. 1.

2.     Despite being afforded multiple opportunities to avoid sanctions, the Sanctioned Parties refused to justify their conduct or withdraw these frivolous pleadings.  *See Order Denying Motion for Stay Pending Appeal* [ECF # 1193], p. 1-2.

3.     On September 29, 2021, Okin Adams transmitted its first safe harbor letter to counsel for the Doctors, Mr. Chaudhary, in accordance with Bankruptcy Rule 9011(c)(1).  The Doctors did not amend, withdraw, or otherwise justify their frivolous pleadings.  Accordingly, on November 3, 2021, Okin Adams filed its first *Motion for Sanctions Pursuant to Bankruptcy Rule 9011* [ECF 1143].  The Sanctioned Parties initially failed to respond to Okin Adams's request for sanctions, and rather than imposing such as unopposed, on November 26, 2021, this Court entered its second *Case Management Order* [ECF # 1149].

4.     In accordance therewith, Okin Adams served a second safe harbor letter to the Sanctioned Parties and then timely filed its *Amended Motion for Sanctions Pursuant to Bankruptcy Rule 9011* [ECF # 1154].  CISH Acquisition, LLC ("Acquisition") and The Claro Group, LLC ("Claro") also responded to the Doctors' Vacatur Motion with their own motions for sanctions under Bankruptcy Rule 9011 (collectively, the "9011 Motions").

5.     On March 8, 2022, this Court issued the Sanctions Opinion finding that the Sanctioned Parties' conduct violated Rule 9011 and that sanctions were appropriate.  The Court set a hearing to determine the form of sanctions imposed for April 15, 2022.

4857-0766-8268, v. 7

6.      Following this evidentiary hearing on April 15, 2022, the Court entered the Sanctions Order.  Among the sanctions imposed was the directive that the Sanctioned Parties pay compensatory sanctions in the amount of $90,293.50 to Okin Adams not later than May 2, 2022. Sanctions Order at ¶4.  The Court also ordered the Sanction Parties to pay compensatory sanctions to Acquisition and Claro.

7.      On April 29, 2022, the Sanctioned Parties filed their *Notice of Appeal* [ECF # 1180].  The appeal has been docketed in the District Court as Civil Action 4:22-1408 (the "Appeal").  *See* Clerk's Notice of Filing of an Appeal [ECF # 1184].

8.      On May 2, 2022, the Sanctioned Parties paid the amount of $141,263.05 into the registry of the Court in partial compliance with the Sanctions Order.  However, the Sanctioned Parties failed to comply with the provisions of the Sanctions Order requiring compensatory sanctions to be paid to Okin Adams.  That same day, the Sanctioned Parties filed their motion requesting that the Court grant a stay of the Sanctions Order pending resolution of their Appeal.

9.      On May 4, 2022, Okin Adams filed its *Notice of Failure to Pay Sanctions* [ECF # 1185].  Acquisition and Claro each also filed notices indicating that the Sanctioned Parties had failed to pay compensatory sanctions to either party.  *See* ECF ## 1186, 1187.

10.     On May 18, 2022, this Court entered its *Order Denying Motion for Stay Pending Appeal* [ECF # 1193].  No further relief has been sought by the Sanctioned Parties.  Further, as of the date of this Motion, the Sanctioned Parties still have not complied with the Sanctions Order provisions requiring payment of compensatory sanctions to Okin Adams in the amount of $90,293.50.  Upon information and belief, the Sanctioned Parties have also failed to pay the compensatory sanctions amounts ordered to be paid to Acquisition and Claro.

4857-0766-8268, v. 7

**RELIEF REQUESTED**

11.     As set forth herein, the Sanctioned Parties have refused to fully comply with the provisions of the Sanctions Order.  Specifically, the Sanctioned Parties have not paid to Okin Adams the compensatory sanctions ordered by this Court.

12.     Further, there is no stay in effect excusing the Sanctioned Parties' failure to comply with the Sanctions Order.

13.     Accordingly, Okin Adams respectfully requests that this Court find the Sanctioned Parties to be in contempt of the Sanctions Order and issue such further orders as are reasonably necessary to compel compliance therewith.  Consistent with this Court's prior orders enforcing sanctions against the Doctors, Okin Adams further submits that additional sanctions in the amount of $490.41, or interest accrued at the applicable statutory post-judgment interest rate of 1.77% through August 5, 2022, plus per diem sanctions of 1% of the Sanctions Payment for each day after August 5, 2022 that the Sanctions Payment remains unpaid is appropriate.

**PRAYER**

WHEREFORE, Okin Adams respectfully requests that this Court enter an order (i) finding that the Sanctioned Parties are in contempt of the Sanctions Order; (ii) compelling the Sanctioned Parties to comply with the Sanctions Order; (iii) imposing further coercive sanctions reasonably necessary to ensure that the Sanctioned Parties comply with the Sanctions Order; and (iv) granting Okin Adams such other and further relief as this Court may deem just and proper.

4857-0766-8268, v. 7

Respectfully submitted on the 1st day of August, 2022.

**OKIN ADAMS BARTLETT CURRY LLP**

By:      /s/ *David L. Curry, Jr.*
        Matthew S. Okin
        Texas Bar No. 00784695
        Email: mokin@okinadams.com
        David L. Curry, Jr.
        Texas Bar No. 24065107
        Email: dcurry@okinadams.com
        Ryan A. O'Connor
        Texas Bar No. 24098190
        Email: roconnor@okinadams.com
        1113 Vine St. Suite 240
        Houston, TX  77002
        Tel: (713) 228-4100

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022, a true and correct copy of the foregoing Objection was served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same and by first class mail to the parties listed below.

By:      /s/ *David L. Curry, Jr.*
        David L. Curry, Jr.

Camil Kreit
24042 Highway 59 North
Kingwood, TX 77339
Phone: 281-989-6358
Email: camilpaul@aol.com

Samir Kreit
24042 Highway 59 North
Kingwood, TX 77339
Phone: 281-924-5054
Email: skreit@epione.org

5

4857-0766-8268, v. 7