IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 14-34974 |
| | § | |
| CLEVELAND IMAGING and | § | |
| SURGICAL HOSPITAL L.L.C. | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**THE CLARO GROUP, LLC'S JOINDER TO
OKIN ADAMS BARTLETT CURRY LLP'S MOTION FOR ENTRY OF AN ORDER (I)
FINDING DR. CAMIL KREIT, DR. SAMIR KREIT, AND AZAR M. CHAUDHARY IN
CONTEMPT OF THIS COURT'S APRIL 15, 2022 ORDER IMPOSING SANCTIONS; (II)
COMPELLING COMPLIANCE WITH THE ORDER IMPOSING SANCTIONS; AND (III)
<u>IMPOSING FURTHER COERCIVE SANCTIONS</u>**
(Relates to Doc. No. 1214)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Claro Group, LLC ("Claro"), by and through its undersigned counsel, submits the following Joinder to the Motion (the "Motion") requesting entry of an order (I) finding Dr. Camil Kreit, Dr. Samir Kreit, (collectively, the "Doctors") and Azar M. Chaudhary (collectively with the Doctors, the "Sanctioned Parties") in contempt of this Court's April 15, 2022 *Order Imposing Sanctions* [ECF # 1174]; (II) compelling compliance with the Sanctions Order; and (III) imposing further coercive sanctions upon the Sanctioned Parties, and in support hereof, respectfully submits as follows:

<u>**BACKGROUND**</u>

1.      On August 17, 2021, the Doctors filed their Fed. R. Civ. P. Rule 60(d)(3) Motion to Vacate Orders Dated August 21, 2015 (Dock. No. 355) and June 29, 2016 (Dock. No. 567) (the "Deficient Motion") with the Bankruptcy Court.

1

2.      On August 30, 2021, the Court ordered that the Doctors amend the Deficient Motion by, *inter alia*, pleading the alleged fraud with particularity. *See* Docket at Dock No. 1121, ¶ 1.

3.      On September 16, 2021, the Doctors filed the Second Amended Fed. R. Civ. P. Rule 60(d)(3) Motion to Vacate Orders Dated August 21, 2015 (Dock. No. 355) and June 29, 2016 (Dock. No. 567).

4.      In addition to ordering the Doctors to amend their pleading, this Court, via multiple orders, also clearly requested that parties-in-interest inform the Doctors in writing if they believed that the Motion did not comply with the Order and/or is violative of Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). *See* Docket No. 1121, ¶ 5

5.      On December 6, 2021, Claro served a Rule 11 safe harbor letter on the Doctors via regular mail and certified mail along with a copy of a motion for sanctions. Because the Doctors failed to modify the deficiencies in the Deficient Motion, or withdraw it altogether, on January 5, 2022, Claro filed its Sanctions Motion. *See* Dock. No. 1153. Similar sanction motions were filed by other parties, including Okin Adams. *See* Dock. Nos. 1152 and 1154.

6.      On February 16, 2022, the Doctors filed a lengthy response to the Sanctions Motion. *See* Dock. Nos. 1157 and 1158.

7.      On March 7, 2002, the Court issued its Memorandum Opinion Finding Sanctions are Warranted (the "Memorandum Opinion"). *See* Dock. No. 1158. The Bankruptcy Court also set an evidentiary hearing on April 15, 2022 to determine the amount and nature of the sanctions. Doctors appeared and participated in this evidentiary hearing.

8. On April 15, 2022, after a full evidentiary hearing, the Court imposed sanctions on the Sanctioned Parties (the "Sanctions Order"). *See* Dock. No. 1174. The Sanctioned Parties have appealed the Sanctions Order, the Memorandum Opinion and few other orders related thereto.

### RELIEF REQUESTED

9. As set forth in the Motion, the Sanctioned Parties have refused to fully comply with the provisions of the Sanctions Order and have not paid to Okin Adams the compensatory sanctions ordered by this Court. Similarly, the Doctors have failed to comply with the Sanctions Order and have refused to pay the court-ordered sanctions to Claro as well. Claro and other parties informed the Court and the Sanctioned Parties of their failure to comply in early May, yet the Sanctioned Parties have still refused to comply. *See* Court Dock. Nos. 1185, 1186 and 1187. In the Sanctions Order, the Bankruptcy Court explicitly noted that the compensatory sanctions would be paid "notwithstanding any appeal." *See* Doc. No. 1174 at ¶ 5. Moreover, the Bankruptcy Court denied the Doctors' request for a stay pending appeal. *See* Dock. No. 1193.

10. Claro agrees with the facts, legal arguments and assertions set forth in the Motion. Accordingly, Claro files this Joinder in support of the Motion and requests the same relief requested by Okin Adams.

DATED: August 3, 2022

K&L GATES LLP

By: /s Brian A. Kilmer
Brian A. Kilmer
609 Main Street, Suite 4150
Houston, Texas 77002
Telephone: 713-815-7368
Facsimile: 713-815-7301
Email: Brian.Kilmer@KLGates.com

**COUNSEL FOR THE CLARO GROUP, LLC**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on the 3rd day of August, 2022, a true and correct copy of the foregoing document was served upon counsel of record by ECF and the individuals below by regular mail.

1. Azhar M. Chaudhary
   6575 West Loop South, Suite 500
   Bellaire, Texas 77401

2. Sanjay R. Chadha
   6575 W Loop S, Ste 500
   Bellaire, TX 77401

3. Camil Kreit
   2903 Tulip River Ct
   Kingwood, TX 77345

4. Camil Kreit
   24042 Highway 59 North
   Kingwood, TX 77339

5. Samir Kreit
   39 Forest Green Trail
   Kingwood, TX 77339

6. Samir Kreit
   24044 Highway 59 North
   Kingwood, TX 77339

*/s/ Brian A. Kilmer*
Brian A. Kilmer